IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>NICOLOFAR FADIKA,<br><br>Defendant. | No. 2:24-CV-1773-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On July 8, 2024, the Court determined that Plaintiff's complaint was appropriate for service of Defendant Fadika.  See ECF No. 5.  Plaintiff submitted the paperwork necessary for service by the Untied States Marshal and, on August 28, 2024, the Court directed service.  See ECF No. 12.  On January 15, 2025, summons was returned by the United States Marshal as unexecuted because Defendant Fadika could not be located or identified given the information provided by Plaintiff.  See ECF No. 16.  On January 23, 2025, the Court directed Plaintiff to provide additional information as to Defendant Fadika to enable the United States Marshal to effect service of process.  See ECF No. 17.  Plaintiff was directed to comply within 60 days of the date of the January 23, 2025, order.  See id.  Plaintiff was cautioned that failure to comply could result in dismissal of the action under Federal Rule of Civil Procedure 4(m) for lack of timely

service of process.  See id.  To date, Plaintiff has not complied with the January 23, 2025, order and Defendant Fadika remains unserved.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Having considered these factors, and in light of Plaintiff's failure to provide the Court with information necessary to effect service of process on Defendant Fadika as ordered, the Court finds that dismissal of this action is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends as follows:

1. This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

2. Plaintiff's motion for release of medical records, ECF No. 15, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE